TELESCOPE COT BED CO. v. GOLD MEDAL CAMP FURNITURE MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 92.

1. PATENTS ⟨⟩328—VALIDITY AND INFRINGEMENT—FOLDING COT.
   The Herman patent, No. 793,723, for a folding cot, was not anticipated and discloses invention, the structure, although simple, having superior utility; also *held* infringed.

2. PATENTS ⟨⟩253—INFRINGEMENT.
   Infringement may be found, although the infringing device does not obtain the advantages of the patented invention to the fullest extent.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 362; Dec. Dig. ⟨⟩253.]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Telescope Cot Bed Company against the Gold Medal Camp Furniture Manufacturing Company. Decree for complainant, and defendant appeals. Affirmed.

This cause comes here upon appeal from a decree finding validity and infringement of United States letters patent No. 793,723, issued July 4, 1905, to R. L. Herman for a folding cot.

Almon C. Kellogg, of New York City (E. H. Bottum and F. E. Dennett, both of Milwaukee, Wis., of counsel), for appellant.

Kenyon & Kenyon, of New York City (A. D. Kenyon, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. [1] The patented structure is simple; it comprises a plurality of legs, which are connected in pairs by pivots, so that they can be closed to lie together or open to stand like the letter X. These legs are disposed or arranged transversely of the length of the cot, and the legs or horses are united lengthwise of the cot and on both sides of the cot by so-called braces, which are pivoted in pairs like the legs, so that they can be closed together or can be opened into the shape of the letter X. This construction provides a framework for a cot which can be either collapsed or opened in both the

---

transverse and the longitudinal direction of the cot. When opened, two bars connected by a canvas sheet are superimposed, constituting the surface upon which a person may be supported. Each of the legs has a bracket pivoted on the leg and connected therewith adjacent to each end. Each bracket has a pin which projects into a longitudinal slot provided at the end of the brace next to the bracket. These braces are slotted at both ends, so that the connection of slot, pin, and pivoted bracket is found at each end, forming a sort of hinge connection. The slots in the braces run longitudinally for a proper distance through the braces.

The specification says:

"In addition to being readily folded my improved cot presents the advantage that on account of the employment of slotted braces the legs *A B* will automatically spread in case the top should sag, so that the cot would always be in the proper serviceable condition. The use of the hinged brackets *D* also facilitates the movement of the braces both in the operative position of the device and during the folding or opening of the same."

The single claim in controversy is:

"3. A folding cot comprising pivotally connected legs, brackets secured to said legs adjacent to their end to swing about axes parallel to the connecting pivots of the legs, pivotally connected braces each having a pin and slot connection at both ends and with said brackets, and a top carried by the legs."

The advantage of the Herman cot as described in claim 3 is that it can be used on uneven ground, and so adjust itself that the top will be level, even though the cot is pitched upon rough ground frequently found in places selected for camps. This improvement is accomplished by connecting the different sets of legs and side braces by a pin and slot connection at both ends of each brace. This was a new feature as applied to cots, and constitutes the improvement of the Herman cot over those of the prior art. The Holge patent and the so-called "Yankee cot," which was a commercial modification of the Holge cot, are the best references, but neither of them had this particular feature.

Undoubtedly the change from the enlarged holes in which the studs played in the Yankee cot to the pin and slot arrangements of the patent, the slots running longitudinally of the braces, with pin and slot at each end of each brace, does effect results which were not accomplished by the old structure; it does allow the legs of any pair of legs to open and remain at a different angle from that of any other pair of legs. The utility of this new result is that, when there is stretching or sagging of the canvas top, it is compensated for by movement of the legs and braces; it is also useful for the reason that, when the cots are used on rough or irregular ground, there is a like compensation effected, and each leg will touch the ground, which would not happen with an organization like the Yankee bed. It is quite true, as defendant contends, that the patentee in his specification says nothing of the utility of his device when the cot is placed on uneven ground; but he does expressly say that there is an advantage in the employment of his slotted braces, which "will automatically spread in case the top should sag, so that the cot would always be in the proper serviceable condition." That the patentee did not at the time of his application realize all the advantages which might result from

his device is unimportant. He made a change of structure which he carefully describes. He indicates what modification of operation results from such change, and points out a useful purpose which it subserves. That is sufficient.

[2] Infringement seems too clear for discussion. In the Herman cot the slots are in the braces and the pins are on the brackets connected to the legs. In defendant's cot the slots are in the brackets and the pins are on the braces. It is wholly immaterial on which parts of the combination the slots and pins are respectively located so long as they function alike in both structures; this they do because defendant's slots in the brackets are so located that the play of the pins therein is in the same direction as the length of the braces. The amount of this longitudinal play is slightly less in defendant's structure because the slots are somewhat shorter, but they are long enough to secure a substantial longitudinal play. Infringement may be found, although the infringing device does not obtain the advantages of an invention to the fullest extent.

The decree is affirmed, with costs.