## CINCINNATI CADILLAC CO. v. ENGLISH & MERSICK CO.

## ENGLISH & MERSICK CO. v. CINCINNATI CADILLAC CO.

Circuit Court of Appeals, Sixth Circuit. April 5, 1927.

Nos. 4643, 4644.

1. Patents ⬅165(1)—Courts cannot restrict or enlarge claims to make out a case of validity or infringement.

Courts are without power to enlarge or restrict a claim to make out a case of validity or infringement of a patent.

2. Patents ⬅167(1)—Courts may construe claim in light of specification and prior art, to make it operative or ascertain its true meaning.

Courts may construe claim in light of specification and prior art, to make it operative or ascertain its true meaning.

3. Patents ⬅328—Altmann, 882,136, claims 1 and 2, for latch for vehicle doors, held void for anticipation.

Claims 1 and 2 of Altmann patent, No. 882,-136, for latch for vehicle doors, held invalid for anticipation.

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Smith Hickenlooper, Judge.

Suit in equity by the English & Mersick Company against the Cincinnati Cadillac Company. From the decree, both parties appeal. Affirmed on complainant's appeal and reversed on defendant's appeal.

George Bayard Jones, of Chicago, Ill. (Thomas F. Sheridan, of Chicago, Ill., and Walter F. Murray, of Cincinnati, Ohio, on the brief), for English & Mersick Co.

Melville Church, of Washington, D. C., for Cincinnati Cadillac Co.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. The defense to this suit for infringement of letters patent No. 882,136, issued to Altmann March 17, 1908, was invalidity, infringement not being denied, if the patent was valid. There are but two claims, both of which were involved. They are:

(1) In a latch for vehicle doors, the combination, with a horizontally movable bolt, of a vertically arranged shaft, and connections between the shaft and bolt, whereby, with the rotation of the shaft, the bolt is moved.

(2) In a latch for vehicle doors, the combination, with the bolt thereof, of a rotatable shaft, a cam on said shaft adapted to engage with said bolt, and an operating handle at the upper end of the shaft, substantially as described.

The court below held the first claim invalid because, giving to it the liberal interpretation of including a horizontal shaft or spindle on the outside of the door by which the bolt could be operated, it nevertheless purported to cover without reference to cams or combinations between the bolt and spindles, any vehicle door latch having two operating spindles, one horizontal and the other vertical, and was therefore anticipated by the French patent, Klopp. The second claim, however, was held valid and infringed, invention being found in the combination into a vehicle door latch of the horizontal and vertical rotatable shafts, the latter operating the reciprocating bolt by cam action.

The state of the art prior to Altmann's invention, and the unsuccessful efforts theretofore made to produce a satisfactory automobile door latch operable from the inside without the use of a lever in an objectionable slot, were thought by the court to swing the

balance in favor of validity, although all the elements were old, and the novelty in the arrangement of parts was simply the changing of "the position of one of the operating spindles" and adapting it to engage the bolt through the means of a cam. The claim was construed to disclose two rotatable shafts— one horizontal and the other vertical—with cams or other known means of operating the bolt, upon the theory that, unless it included those elements in association with each other and with those specifically mentioned, there was nothing new. The defendant, Cincinnati Cadillac Company, contends that this interpretation unauthoritatively reads into the claim the elements of a rotatable shaft and means through which it operates upon the bolt.

[1, 2] It is manifestly true that the courts are without power to enlarge or restrict a claim, for the purpose of making out a case of validity or infringement. Proudfit Loose Leaf Co. v. Kalamazoo Loose Leaf Co. (6 C. C. A.) 230 F. 120; McCarty v. Lehigh Valley Railroad Co., 160 U. S. 110, 16 S. Ct. 240, 40 L. Ed. 358; United States Repair, etc., Co. v. Asphalt Co., 183 U. S. 591, 22 S. Ct. 87, 46 L. Ed. 342. They may, however, construe a claim in the light of the specifications and the prior art, not for the purpose of expanding or limiting it, but for the purpose of making it operative or ascertaining its true meaning. Crown Cork & Seal Co. v. Sterling Cork & Seal Co. (6 C. C. A.) 217 F. 381; Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 18 S. Ct. 707, 42 L. Ed. 1136. This latter rule is invoked in the suggestion that there is a latent ambiguity in the words "in a latch for vehicle doors," which justified the court in reading into the claim from the specifications a horizontal rotatable shaft with means adapted to engage the bolt. A further contention is that, in view of the state of the art when Altmann's device was first made, these elements as a means of operating the latch from the outside must be regarded as implied in the term "latch for vehicle doors," and that to construe the claim as including them was not an importation, but was merely ascribing to the term a natural and accepted meaning.

It is difficult to reconcile the two contentions—a latent ambiguity requiring the aid of specifications and drawings for interpretation with an obvious implication. They are not, however, destructive of each other; and if there were a latent ambiguity in any of the associated elements, warrant for resort to the specifications could be found in Godwin Co. v. International Steel Tie Co. (C.

C. A.) 2 F.(2d) 198. Again, the rule against importation of elements into a claim does not forbid, as we have seen, the implications necessary to make the claim operative, and it can well be argued that the term "latch for vehicle doors" implies a shaft on either side of the door by which the latch may be operated. These being existing familiar parts, and also being disclosed in the specifications, it may be assumed for the purposes of this opinion that the claim calls for two rotatable shafts, one horizontal and the other vertical, with individual connection between each shaft and the bolt whereby with the rotation of the shaft the bolt is moved.

[3] We come, then, to determine whether the claim as so interpreted is valid. It is not substantially different from claim 1. They each have the same elements, with common or immaterially different limitations. All the elements are old, and all had been used in door latches—not in the precise environment to which they were adapted by Altmann, but in more or less mutual association with each other. They are (1) a bolt; (2) a horizontal rotatable shaft; (3) a cam on the shaft to engage the bolt; (4) an operating handle at the end of the shaft; (5) a vertical rotatable shaft; (6) a cam on the shaft to engage the bolt; and (7) an operating handle at the end of the shaft. Thus construed, the claims are anticipated, we think, by Klopp, who had a bolt, a horizontal rotatable shaft, with a cam on the shaft to engage the bolt, an operating handle at the end of the shaft, a vertical rotatable shaft, with means at the end thereof to engage the bolt, and a handle at the end of this shaft.

It thus appears that Klopp had everything that Altmann has, including the cam action on the bolt. His bolt was operated through a link or crank connection between the spindle and bolt which was a cam. Such spring as he had at this point had nothing to do with moving the bolt back and forth. It permitted the extension of the bolt to move a little so that the crank or pivoted connection could swing; but this was only a refinement added to the familiar cam engagement commonly found in this location from the beginning of door knobs. Altmann did not, therefore, in any broad sense, substitute a cam for a spring. He merely dropped a refinement which Klopp had put upon a link or cam connection. The dropping of this refinement was not invention; but, even if it could be said that he first introduced the cam into the combination, still he did only the obvious thing of substituting something that was old in the art for the newer means.

Judgment affirmed in case No. 4644 as to the first claim, but reversed in case No. 4643 as to the second.