**CHICAGO FORGING & MFG. CO. v. BADE-CUMMINS MFG. CO.**

**BADE-CUMMINS MFG. CO. v. CHICAGO FORGING & MFG. CO.**

Nos. 6093, 6094.

Circuit Court of Appeals, Sixth Circuit. March 15, 1933.

---

Donald M. Carter, of Chicago, Ill. (Norman S. Parker, of Chicago, Ill., on the brief), for Chicago Forging & Mfg. Co.

Ralph S. Binns, of Detroit, Mich. (Barthel, Flanders & Barthel, Otto F. Barthel, and Robert F. Vaughan, all of Detroit, Mich., on the brief), for Bade-Cummins Mfg. Co.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The appeals involve validity and infringement of claim 17 of Gilmore patent No. 1,-581,485, for hood latches for automobiles, issued April 20, 1926. From a decree holding claim 17 valid, but not infringed, both litigants appeal; the plaintiff below from that portion of the decree which held the claim not infringed, and the defendant below from that portion of the decree which held the claim valid. The parties will be referred to by the designations they bore in the District Court.

The hood latch is a small but essential part of an automobile. Its purpose is not only to hold the hood down and closed, but also to force it inwardly against its abutment to prevent rattling. The latch must also operate independently of variations in the position of the hood on the frame of the automobile due to weaving in operation on rough roads, and independently also of inaccuracy in positioning due to manufacturing tolerances made necessary in mass production on continuous line assembly.

That the patentee entered a somewhat crowded art is clear not only from everyday experience and observation, but from the publications and prior art patents introduced into the record. As early as 1919, Motor Magazine, vol. 32, p. 56, under the heading "Many Odd Ways of Keeping the Hood Tight," graphically depicted seventeen hood latches of distinctive design, selected as the most popular out of a far greater number and variety of such devices. The record also presents approximately a dozen patents for latches granted since the publication referred to. It may be assumed, as a basis for preliminary inquiry, that the patent advanced the prior art, an assumption warranted by its grant and the substantial commercial acceptance of the plaintiff's commercial device. Enough has been said, however, to indicate that the patent is in no sense generic. Most of the prior art structures had for their purpose at least one or more, if not all, of the objects sought to be obtained by the patentee. While many of them in substantial degree accomplished the results aimed at, it may be conceded that Gilmore did it better than his predecessors.

Claim 17 reads as follows: "In combination with a closure and a latch for said closure, a rigid retaining member mounted on said closure and adapted to maintain a slidable connection with said latch, when it is in latch position, and to prevent lateral movement of the latch away from said closure."

In addition to the usual defenses of invalidity because of anticipation and noninfringement, it is here contended that the claim is invalid because it is functional for a result, and void for failure to comply with section 4888 R. S., U. S. C., title 35, § 33 (35 USCA § 33). It is conceded that this claim reads upon the defendant's structure, but insisted that, unless read in the light of the drawings and specifications, it must necessarily read upon the prior art. The structural elements involved in claim 17 are a closure, a latch, and a rigid retaining member mounted on the closure. Except as they are adapted to maintain a slidable connection, all of these structural elements separately and in combination are found in prior art devices.

If the patent denotes invention, Gilmore's forward step consisted in maintaining a slidable connection by means of a novel combination of two opposing inclined surfaces introduced below the hooking elements. Thus the force of spring tension is applied directly at the point of use to provide both downward and inward pressure on the hood. The defendant contends that since claim 17 omits

any reference to the structural elements which bring about and maintain this slidable connection, the claim is anticipated by the prior art, is void as functional and as failing to point out the invention as required by statute. Permutit v. Graver Corporation, 284 U. S. 52, 52 S. Ct. 53, 76 L. Ed. 163.

 We are content to concede validity to claim 17, since there is here no such lack of definiteness in the drawings and specifications as invalidated the patent in the Permutit Case, and we do not interpret that case as marking departure from the general principle that resort may be had to drawings and specifications, not to expand or limit a claim, but to make it operative and to ascertain its true meaning. Cincinnati Cadillac Co. v. English & Mersick Co., 18 F.(2d) 542 (C. C. A. 6); Westinghouse Elec. & Mfg. Co. v. Quackenbush, 53 F.(2d) 632 (C. C. A. 6). Such concession must, however, rest upon the assumption that the claim when so construed necessarily calls for the structural elements disclosed by the patent as a whole. Such elements are the cams described in the specifications and illustrated in the drawings, the upwardly inclined surface of the one opposing the downwardly inclined surface of the other, and resulting in downward and inward pressure on the hood, exerted directly at the point of contact of the two inclined surfaces, and remote from the hooking connection. This will be best understood by reference to the accompanying drawing.

That the inventive novelty of the patent resides largely in the opposing inclined surfaces so operating is not only demonstrated by the specifications and drawings, but also by the reference of the patentee in his application to the opposing cam members as "the heart and soul" of his invention. Moreover, the plaintiff's expert, in comparing plaintiff's commercial device with the patent disclosure, testified that if the former did not have the cam member it would not come within the claim, adding, "I do not claim (that) anything, regardless of what it is, which would provide a slidable connection would be within the plaintiff's claim." There was doubtless recognition here that if the claim were construed so as to include all means for maintaining a slidable connection, it was too broad, and that the only safe ground upon which to base infringement was the doctrine of equivalents.

 The defendant's device (see illustration), lacks the opposing inclined surfaces which we regard as necessary elements of the claim if it is to be considered as supported by the disclosure. Instead of applying inward force directly at the point of use, as in Gilmore, the force exerted to give such pressure is applied at the remote hooking connection, and translated from the point of application to the lower point of use. Also, in defendant's structure downward, force is applied at the hooking connection instead of remotely therefrom. Obviously, and this was

PLAINTIFF'S LATCH
COMMERCIAL

DEFENDANT'S LATCH

recognized by plaintiff's expert, the patentee was not entitled to claim all structures which exercised the desired function, but only those which he himself invented, and a device which produces the same result through translation of force operates in a substantially different manner than one in which force is directly applied. This is not infringement, Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 568, 18 S. Ct. 707, 42 L. Ed. 1136, especially where the patent is not a generic one and the patentee is entitled to but a narrow range of equivalents. See Directoplate Corp. v. Donaldson Lith. Co., 51 F.(2d) 199 (C. C. A. 6). There are two tests of equivalency; (1) identity of function, and (2) substantial identity of way of performing that function. Walker on Patents (6th Ed.) 511. Primary as well as secondary patents are infringed by no substitutions that do not fully respond to these tests. Even if identity of function were present, the patent not being a primary one, the requirement of substantial·identity of way should not be considered so elastic as to condone important differences in manner of operation.

There is no infringement, and the decree below is affirmed.