**VIRGINIA ART GOODS STUDIOS, Inc., v. GOLDBERG & SELTZER, Inc.**

**No. 316.**

Circuit Court of Appeals, Second Circuit.

March 18, 1935.

Pennie, Davis, Marvin & Edmonds, of New York City (William H. Davis and

George E. Faithfull, both of New York City, of counsel), for appellant.

James & Franklin and Gross & O'Brien, all of New York City (Maxwell James, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal by the plaintiff from an interlocutory decree denying a motion for a supplemental injunction against the infringement of patent No. 1,867,116, for women's handbags having washable covers, and against unfair competition in the sale of such bags; the motion also demanded punishment for disobedience of an outstanding decree. The plaintiff originally sued upon the patent in ordinary form, adding a count for unfair competition, based upon the theory that the appearance of its covers had become associated with itself as source, and that by copying them the defendant palmed off its goods as the plaintiff's. The parties thereupon came to an accommodation by an agreement in which the defendant acknowledged the validity of the patent and agreed not to infringe it, and the plaintiff agreed to allow the defendant to make a bag, "Exhibit I," attached to the agreement, and any bag which differed from that exhibit only in "nonfunctional changes in ornamentation or in shape or in the character of closure of the foundation." The defendant consented to the entry of a decree which should acknowledge the validity of the patent, admit infringement, acknowledge that the plaintiff was the first to devise the mark, "Slip Cover Bag," admit infringement of this mark, acknowledge that the "dress, design and dimensions" of the plaintiff's bag had become generally known as signifying the plaintiff as source, and admit that the defendant had been guilty of unfair competition by selling "Chinese" copies of the bag. This decree was also to enjoin the defendant from infringing the patent, the mark, or the appearance of the plaintiff's bags. Such a decree was entered in this suit and there the matter lay.

Later the defendant put out another cover, Exhibit M, which is the subject of this appeal. The invention is, as we have said, for a handbag and its cover, but for the purposes of the appeal only the cover is important, and this is the single subject of claim four. The bag proper was a sack, attached to which was a flap, which swung over it covering the whole front of the sack in the usual way. The cover was washable and the bag was to be slipped in and out of it; it was made of a single piece of material, the ends turned in and stitched along the lateral edges so as to make two pockets, one at either end. Into one pocket fitted the sack; into the other, the flap. To put on the cover the flap had to be turned back through a full circle so that its outer face touched the back of the sack, and the cover had to be turned back in the same way. Then sack and flap might be inserted into their appropriate pockets and the flap in its flap pocket turned back again to its right position. Claim four is for "a removable cover for a handbag comprising a pair of pockets formed by an outside and a pair of inner sides, one of the pockets being adapted to receive the handbag and the other pocket being adapted to receive a closure of the handbag and said pair of pockets substantially covering the whole handbag." "Closure" means flap. In the original infringement the horizontal unsewn edges of the two pockets were some distance apart so that the flap could be easily put in one and the sack in the other. In Exhibit M the flap pocket is carried down and penetrates the inside of the bag pocket for about three quarters of an inch; but it is still possible, if one takes a loose size, to use the cover in the way described; and though this distorts it a little, the result is well enough. Such a cover answers the language of the claim, if one means by the word, "adapted," not that the flap pocket is made with the purpose of receiving the flap, but that the flap can be put into it. The second meaning is the right one and it seems to us that this cover infringes. It will indeed be so easy to avoid infringement that it is a little hard to see why the defendant should resist the injunction; all it need do is to carry the inner side of the flap pocket down inside the bag pocket for two inches or more, and it will be impossible to use the cover for a flap at all, if the lateral edges are firmly sewn. Such covers are in evidence; they do not infringe; but as to Exhibit M we rely upon the principle that an infringer does not escape because his embodiment of the patent works imperfectly. King Ax Co. v. Hubbard, 97 F. 795, 803 (C. C. A. 6); Telescope Cot Bed Co. v. Gold Medal, etc., Co., 229 F. 1002 (C. C. A. 2); Van Kannel Revolving Door Co. v. Straus, 235 F. 135 (C. C. A. 2). While we agree that the

scope of claim four is before us, we can find nothing in the record to limit it so as to exclude such covers as Exhibit M; for in none of the references does the flap pocket interpenetrate the bag pocket at all. The prior art might conceivably be relevant on the issue of invention, but that is all. It appears to us that the defendant, having conceded its tort, must give the claim a wider berth than Exhibit M.

Similarly as to the claim for unfair competition. As res integra we should have to be indeed well persuaded that the "dress, design and dimensions" of the plaintiff's bags had in fact come to represent the plaintiff as maker or source. But the defendant has stipulated that this is so, and the issue becomes only whether the bag, Exhibit M, is enough like the plaintiff's bag, Exhibit Q, to fall within that language. We can see no difference between the two except that the edge of the flap pocket of the plaintiff's cover is straight while that of the defendant's is curved in an arc of long radius. This does not prevent Exhibit M from being "virtually identical" with Exhibit Q; though not a "Chinese" copy. Assuming that the decree should be read with the third article of the agreement, still we are not persuaded that Exhibit M escapes. Exhibit I, which the defendant agreed not to prosecute, is wholly distinguishable in appearance and design; Exhibit M differs from it "functionally" and in the "character of the closure." The plaintiff is entitled to a supplemental injunction enjoining as an infringement of claim four the sale of Exhibit M, or of any other cover in which the flap pocket does not penetrate the bag pocket for two inches or more, the lateral edges being firmly sewn throughout their length. As no accounting is now demanded for any other cover than Exhibit M, we do not pass upon any which have been sold, in which the penetration is less than two inches. For the future the defendant must avoid any question of infringement. The plaintiff is also entitled to an injunction forbidding as unfair competition the sale of Exhibit M, or any cover substantially identical with it in appearance. The motion for contempt was not pressed at bar, and wisely. The limitations upon the plaintiff's rights were too uncertain to punish the defendant for having stepped over the line. It must pay the costs of the appeal and that is penalty enough in the circumstances.

Decree reversed; cause remitted for further proceedings in accordance with the foregoing.