## MILLS NOVELTY CO. v. MONARCH TOOL & MFG. CO.
### No. 6634.

Circuit Court of Appeals, Sixth Circuit.
April 10, 1935.

C. S. Lloyd, of Chicago, Ill. (William R. Wood and Edmund P. Wood, both of Cincinnati, Ohio, Kirkland, Fleming, Green & Martin, of Chicago, Ill., and Wood & Wood, of Cincinnati, Ohio, on the brief), for appellant.

Walter F. Murray, of Cincinnati, Ohio (Frank L. Zugelter and Murray & Zugelter, all of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The appeal is by the plaintiff below from a decree dismissing a supplemental bill in a suit for infringement of Lesley and Schoen patent, No. 1,198,861, for an electric circuit controller for automatic musical instruments or like machines. The patent has already been adjudicated as between the same parties in this court, 49 F.(2d) 28, where validity was sustained and infringement found in the defendant's prior structures. Pursuant to our mandate, a decree was entered below granting injunction and accounting. Upon reference to a master, the present issue as to whether the manufacture and sale of the defendant's modified device was within the scope of the decree arose, and, while the patent in suit has now expired, the accounting awaits our determination of this added charge of infringement.

Briefly, the patent is for a circuit controller for what are commonly known as "multiple coin devices," and comprises a coin-operated lever with teeth engaging a spring actuated ratchet wheel, which operates as an escapement to permit revolution of the wheel through a predetermined arc. When the lever is tripped by the impact of a

coin dropped into a coin slot, one of the teeth is momentarily disengaged from the wheel, permitting revolution one notch in clockwise direction, the other tooth engaging to check the wheel. Claim 3 of the patent is typical, and is printed in the margin.[1]

In the device previously held to infringe, the lever was adapted to be turned on its pivot either by a coin dropped in a slot provided for that purpose or by a pivoted arm actuated by electro-magnets when the latter were energized by the closing of a switch with a coin at a remote point. In either case the pivoting of the lever disengaged it from the ratchet wheel, and by re-engagement limited its clockwise movement to the predetermined arc. The device now accused has no coin slot, and can be actuated only by the closing of a circuit which energizes the electro-magnets.

The contention of the defendant, sustained below, is that the modified device assailed in the supplemental bill does not infringe, because there is no lever movable at will to engage the escapement mechanism, and that the patent should be construed as one so limited in scope as to cover only structures which are mechanically and not those which are electrically actuated. The toothed bar is said to be an armature, and not a lever. Since it was one of the objects of the invention to disclose a device which while operating to control the making and breaking of a circuit, yet was itself entirely mechanical, it is urged that the making or breaking of circuits by electric current is not infringement.

The first question that suggests itself to us, though not argued in the briefs, is whether when patent validity and infringement have been adjudged, a modified structure on the question of infringement in the same suit should be tested by comparison with the already adjudicated structure, or whether the whole field of the prior art should again be explored and the scope of the patent defined. We have held that in proceedings for contempt for violation of an injunction against infringement, the question is not one which relates to or involves the original interpretation of the terms of the patent. Wadsworth Electric Mfg. Co. v. Westinghouse Electric & Mfg. Co. (C. C. A.) 71 F.(2d) 850; Field Body Corp. v. Highland Body Mfg. Co. (C. C. A.) 13 F.(2d) 626. It is true that this is not a contempt proceeding, but it might well have been. A motion to cite and punish for contempt was made and overruled. The issue on the motion was identical with that presented here. No appeal was taken from the order, but if the court erred in dismissing the supplemental bill, it erred in overruling the contempt citation. No good reason suggests itself why the limits of inquiry upon the issues here involved should be broader than those in a contempt proceeding. The first device has been adjudicated. The second device seems identical or equivalent in respect to the actuating of the escapement mechanism by electric current. It would seem that much could be said for limiting the inquiry here as in contempt proceedings to the question whether the modified structure is equivalent to the original in relation to the patent in suit. Certainly it was open to the defendant at the original hearing if it desired to persist in its effort to avoid the monopoly of the grant to urge upon the court a precise defining of its limits. We are not aware that this was done, but are now asked to limit the scope of the patent in the light of the prior art so as to save the defendant's modified structure from the reach of the accounting. We suggest the problem without deciding it in the hope of future enlightenment thereon. We have no fixed view upon the subject, and the question is not here foreclosed, for decision on infringement may readily be reached upon a consideration of all of the factors contributing to solution.

The claims of the patent in suit are not limited to a circuit-controller mechanically operated. It is quite true that the specification recites mechanical operation as one of the objects of the invention, and the use of electric current as a disadvan-

---

[1] In mechanism of the type described, a circuit controller comprising a make and break device, and means for effecting the make and break movements of said device, said latter means including a toothed element, a spring for rotating the element in one direction, a lever movable at will, escapement mechanism for regulating the movement of the element, said latter mechanism being rendered operative by movements of the lever, and means for moving the element step-by-step in the opposite direction, said circuit remaining closed during movements of the element to and from a predetermined position.

tage to be avoided. This, however, is not its sole object. While the claims are to be read in the light of the specification, to ascertain their true meaning, they are not thereby to be expanded or limited. Permutit Co. v. Graver Corporation, 284 U. S. 52, 52 S. Ct. 53, 76 L. Ed. 163; Chicago Forging & Mfg. Co. v. Bade-Cummins Mfg. Co., 63 F.(2d) 928 (C. C. A. 6). There is no limitation in any of the claims of the patent in suit with respect to the means by which the escapement mechanism may be actuated or the tripping lever pivoted. We may not read limitation in them. Nor is infringement avoided merely because all of the objectives of the patent are not achieved. Telescope Cot Bed Co. v. Gold Medal Camp Furniture Mfg. Co., 229 F. 1002 (C. C. A. 2).

The pivoted member in the defendant's modified device functions in exactly the same way as the lever of the patent and of the defendant's adjudicated structure. It is idle to say that it is not a lever because it is actuated by magnets rather than by the impact of a coin. To argue that a pivoted bar functioning as a lever is not a lever when it is magnetically attracted because it is then an armature is reminiscent of a venerable type of popular riddle perhaps no longer current. Moreover, in the modified as in the original device, and as in the patent, the lever is movable at will, whether the coin operates upon it directly or merely closes a circuit remote from the mechanism. The defendant has interposed a new element—the electro-magnet, if we are to assume that we are not bound by the identity in this respect of its second with its first structure, but such addition does not avoid infringement even if the added element be regarded as an improvement. Reynolds Spring Co. v. L. A. Young Industries, Inc., 36 F.(2d) 150 (C. C. A. 6); Murray v. Detroit Wire Spring Co., 206 F. 465 (C. C. A. 6); Troy Carriage Sunshade Co. v. Kinsey Mfg. Co., 247 F. 672 (C. C. A. 6). The language of the claims in the patent in suit is broad, and there was no such surrender as was made in Smith, Administratrix, v. Magic City Kennel Club, Inc., 282 U. S. 784, 51 S. Ct. 291, 75 L. Ed. 707, or in J. H. Day Co. v. Green, 281 F. 719 (C. C. A. 6).

We think the court below was in error in dismissing the supplemental bill. A decree may be entered, bringing the defendant's modified structure within the scope of the pending accounting proceedings.