REMINGTON RAND, Inc., v. MEILINK
STEEL SAFE CO.

No. 9561.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1944.

Edwin T. Bean and Conrad Christel, both of Buffalo, N. Y. (Edwin T. Bean and Conrad Christel, both of Buffalo, N. Y., and Charles W. Owen and Owen & Owen, all of Toledo, Ohio, on the brief), for appellant.

Clarence B. Zewadski, of Detroit, Mich. (George E. Kirk, of Toledo, Ohio, and Clarence B. Zewadski, of Detroit, Mich., on the brief), for appellee.

Before SIMONS, HAMILTON, and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

This appeal is by plaintiff below from the dismissal of its complaint, the trial court deciding there was no infringement of the patent in question. The cause was referred to a Special Master whose report was approved by the court without modification.

Appellant, Remington Rand, Inc., is the owner of Wolters patent No. 1,904,912 granted April 18, 1933, for storage cabinets for indexed paper correspondence files, having the utility of ordinary office filing cabinets, on application filed January 16, 1925.

The patent drawings and description disclose a multiple drawer vertical filing cabinet to afford storage space with protection against fire. The cabinet has an outer metallic casing or shell with an inner monolithic body of insulation, provided with a plurality of superimposed separate and independent compartments in each of which a drawer is mounted for sliding movement, the drawers being supported on guides suspended from suitable anchorages embedded in the insulation when cast, and having latching means also embedded in the monolithic body. The drawer fronts consist of inner monolithic insulated slabs and outer shells of sheet metal with the marginal por-

tions of the slabs formed to interfit in sealing cooperation with the drawer openings of the cabinet by a tongue and groove construction, using in connection therewith the locking devices and drawer supports embedded in the insulation.

Appellee, Meilink Steel Company, manufactures and markets three forms of insulated office filing cabinets, each one of which appellant claims infringes its device. All three cabinets have outer and inner metallic shells joined at the front by spot welding with vertically disposed reinforcing bars, spot welded to both shells in the space between them. Into this space is poured plastic insulating material which, upon drying, becomes solid. The drawer fronts are formed in the same way as the bodies of the cabinets. The bodies and the fronts of the cabinets have steps which interfit when the drawer of the cabinet is closed. The drawer guides and supports are spot welded to the inside of the inner metallic shell. One of appellee's devices is a single compartment cabinet, sometimes made with a sliding drawer, the guides and tracks therefor being mounted on the inner metallic floor lining and not on the side walls. These cabinets are so arranged that one will fit on top of the other by means of indentations around the edges of the outer metallic shells with a hole in one and a fastening pin in the other. When thus assembled the device has a plurality of drawers.

The claims in suit are 1, 10, 13 and 22. It is sufficient for this decision to set out claims 13 and 22, which are found in the margin.[1]

We are here dealing with a combination article patent and the only question we have for decision is whether appellee's cabinets infringe. The nature of the invention attempted to be covered by the patent in question is not clear upon inspection and before analyzing the differences, if any, between the cabinets of the respective parties, it is necessary to determine first the forward step of the patentee over the prior art to find the meaning of the claims.

Brown, in patent 1,170,043, issued February 1, 1916, describes a safe which he claims to be absolutely fireproof, to be used for the storage of highly inflammable and combustible picture films. The Brown safe has multiple drawers with a casing having its interior, with the exception of its front wall, filled with non-combustible and non-heat conducting material and a receptacle extending into the lined casing with a hinged door opening. A sliding drawer is provided for each compartment spaced from the walls with vertically disposed compartments and slidably mounted in each of said receptacles with the front end filled with non-combustible and non-heat conducting material with a perimetric flange to rest against the outer surface of the front wall of the casing when the drawer is closed, and a gravity actuated lid hinged at its rear end to the upper portion of the drawer with an upwardly extended flange at its front.

Cuozzo patent No. 1,182,651, issued May 9, 1916, discloses a file cabinet of concrete with separate insulated compartments. There are no sliding drawers, but the doors swing on hinges and when closed seal the compartments. The hinges are embedded in the concrete. Salmon patent No. 1,513,426, issued October 28, 1924, discloses a file cabinet for moving picture films with a hinged door with a special mechanism for exposing film rolls when the door is open. The inner walls of this cabinet are made of insulating material protected by an outer metallic casing. The cabinet is composed of sections each provided with a plurality of insulated compartments for holding picture films. The doors to these compartments swing on hinges and interfit with the marginal edges of the cabinet to seal the compartments when closed.

---

[1] A heat resisting filing cabinet comprising a metallic casing forming the outer walls of said cabinet and having one side thereof open, an inner casing of insulating material consisting of integral walls lining said metallic outer walls and extending transversely between opposite side walls in parallel spaced relation to form a plurality of drawer compartments opening from the open side of said casing, and a drawer mounted in each of said compartments and having an insulating head adapted in the closed position of said drawer to form a heat proof closure for its compartment.

22. A heat resisting cabinet comprising an outer metallic casing having a front formed to provide a plurality of openings, an inner casing of insulating material consisting of integral lining and partition walls, the former extending throughout the inner surface of said outer casing and the latter dividing the space into a plurality of separate compartments registering with the openings in said front, and drawers slidably mounted in said compartments and having insulated heads adapted to provide a heat resisting closure for each compartment when said drawers are in closed position.

■ There are certain old mechanical devices performing useful functions common to filing cabinets made of metal or wood, of the general class to which the patent in suit relates. In these devices are found drawers for each compartment, drawer guide supports for movement thereon into and out of the compartments, and also plurality of supports for said drawer guides mounted in the body of the cabinet, and the cabinet is so arranged that the entire interior may be exposed when the drawers are fully extended. There is no evidence in the record as to the construction of the wood and metal filing cabinets, but this is a matter of common knowledge of which the court may take judicial notice. Richards v. Chase Elevator Company, 158 U. S. 299, 302, 15 S.Ct. 831, 39 L.Ed. 991; Black Diamond Coal-Mining Company v. Excelsior Coal Company, 156 U.S. 611, 616, 15 S.Ct. 482, 39 L.Ed. 553.

■ In a case where the only issue is one of infringement, evidence of prior patents and prior use may be considered for the purpose of construing the patent, and although all of the elements of a patented combination are not found in a single structure in the prior art so as to fully anticipate, in determining the scope of the patent and its place in the art as affecting the question of infringement, prior patents showing separate elements of the combination, may properly be considered. Ventilated Cushion & Spring Co. v. D'Arcy, 6 Cir., 232 F. 468.

■ The patent in question must be considered in the light of the state of the art at the time it was granted (Cincinnati Cadillac Company v. English & Mersick Co., 6 Cir., 18 F.2d 542) and its claims must be construed in the light of its specifications and drawings. Knapp v. Morss, 150 U.S. 221, 228, 14 S.Ct. 81, 37 L.Ed. 1059.

Measured by these rules, the object sought to be attained by Wolters was a filing cabinet of light weight with heat resisting elements, so arranged as to prevent the entrance of heat to the interior and providing strength and rigidity to prevent buckling under high temperature or injuries from falls or rough handling. According to Wolter's specifications, the purpose of his invention was accomplished by first forming the outer metallic skin made in the size and proportion desired and having inner walls of the cabinet of adhering plastic material molded to the shape of the outer metallic lining.

The molding was done by placing in the outer metallic lining hollow cores carefully arranged in proper relation with the drawer supporting elements and the locking means therefor mounted thereon in parallel relation.

The drawer supporting elements are held in position by screws inserted from the interior of the cores until the plastic material is hardened, when the screws are removed and the cores withdrawn, leaving the drawer supporting elements embedded in the plastic material without any direct connection with the outside metallic lining.

The back plate of the cabinet is connected with the monolithic body by welding or otherwise securing it to the side walls. The drawer in each compartment is provided with a monolithic front having a metallic outside cover with grooves and projections to form a seal with the corresponding grooves and projections on the front of the cabinet. The drawer guides are secured to the plastic material by means of screws, holes for which were made for that purpose in the molding process.

■■ According to the specifications, if the patentee made any advance over the prior art, it was unsubstantial and therefore the patent must be literally confined to the details which the patentee presents. Viewed in its most favorable light, the article which appellant's patentee describes is no more than a combination of old elements and the rule applies that no one is an infringer of a combination unless his article not only performs the same function or accomplishes the same result as the patented article but also performs the function or accomplishes the result by the identical or substantially identical means. American Seating Company v. Ideal Seating Company, 6 Cir., 124 F.2d 70; United States Rubber Company v. General Tire & Rubber Co., 6 Cir., 128 F.2d 104; Twemo Corporation v. Goodyear Tire & Rubber Co., 6 Cir., 99 F.2d 621; Dillon Pulley Company v. McEachran, 6 Cir., 69 F.2d 144; Vanderveld v. Rollman & Sons Co., 6 Cir., 28 F.2d 948.

The essence of the patentee's disclosure was to have his cabinet so constructed as to prevent the transfer of heat from the outside walls of the compartments to the sides of the sliding drawers. The specific means disclosed by the patent was to have the drawer of each compartment provided with an outside covering of heat-resisting composition, which is continuous when the

522

drawer is closed and to have the drawer supports and guides embedded in the insulating material so there would be no heat conducting metallic connections between the outside and inner walls of the cabinet.

Appellee's devices have various metallic connections between the outside and inside cover and the drawer supports and guides are spot welded to the inner metallic lining. The fact that appellee's devices have heat resisting material between the outer and inner walls of the cabinet is immaterial because the insulating material is not used for anchoring the drawer supports and locking device.

A patent for an invention consisting of a new application of well known principles for a particular purpose is not infringed by devices that apply the same principle for the same purpose but by a different method. Especially is this true where the result is not substantially the same as that achieved by the patent. Valjean v. Perfection Stove Co., 6 Cir., 103 F. 2d 60. The issue here is solely one of infringement and while we have assumed the validity of appellant's patent, we have not decided it.

Judgment affirmed.