## HALINKA v. FORD MOTOR CO. et al.
### Civil Action No. 3789.

District Court, E. D. Michigan, S. D.

June 5, 1947.

Muriel B. Braun and Ralzemond B. Parker, both of Detroit, Mich., for plaintiff.

I. Joseph Farley, Thomas J. Hughes and Robert G. Harris, all of Detroit, Mich.,

and John W. Meyer, of Cleveland, Ohio, for defendants.

LEDERLE, District Judge.

### Findings of Fact.

1. This is an action complaining of infringement of Claims 1 to 3, inclusive, of U. S. Patent 1,558,980, issued October 27, 1925, on application filed April 24, 1925, on a door latch, and Claims 1 and 2 of U. S. Patent 1,754,889, issued April 15, 1930, on application filed August 10, 1927, on a latch mechanism. Plaintiff is the patentee and owner of both patents. The accused device is the door latch mechanism of the 1940 to 1942 Lincoln automobiles · manufactured by defendant Lincoln Motor Company and sold by defendant Ford Motor Company.

2. The patents in suit are paper patents for allegedly new combinations in an old and crowded art. They disclose mechanically similar structures, and Claim 2 of the later patent is typical. This claim reads:

"A latch mechanism of the class described, comprising: a slidably mounted latch bolt; a pull member; a cam movable upon outward pulling of said pull member; and a lever engageable by said cam for moving said latch bolt to inoperative position upon outward pulling of said pull member; and a push member adapted upon pushing for moving said latch bolt to inoperative position, neither said pull member nor said push member effecting operation of the other."

3. As in the common door latch, plaintiff's patents disclose a latch bolt which slides into and out of a keeper recess in the door jamb. This latch bolt is slidably mounted, and is impelled by a spiral spring attached to the end of the latch bolt inside the latch frame. The latch bolt is in latching position when the spring is extended, which is its normal position. As the door is closed, the latch bolt slides on its bevelled ramp over the shoulder of the keeper in the door jamb, compressing the spring as it moves, and, upon clearance of this shoulder, the latch bolt is forced by the then released spring into the keeper recess, and the spring holds it extended

therein. This bolt is held in the keeper against movement toward the opening side of the door by its straight edge on that side of the bolt. The latch bolt spring must be compressed by manually applied force to retract the latch bolt before opening movement of the door can begin.

The main · feature plaintiff disclosed was means for compressing this latch bolt spring from each side of the door by independently operating means, permitting the door to be locked from the outside, but free to be opened from the inside without unlocking. Briefly, plaintiff accomplished this by attaching on one side of the latch a pull member to a cam in the latch, which cam moved upon pulling of the pull member, said cam thereby moving a connected lever, which lever, in turn, compressed the latch bolt spring, pulling the latch bolt into retracted, or unlatched, position. On the other side of the latch, plaintiff provided a push member which, upon pressure, moved a bell crank, which bell crank, in turn, pushed against a lug on the latch bolt, moving the latch bolt into retracted, or unlatched, position, and, of necessity, compressing the latch bolt spring. Each of these two internal operating means worked independently of the other. Conventional locking means were attached through one face of the latch and connected with the internal mechanism for the outside operating means. The two independent operating means permitted movement of the inside operating means while the outside operating means was locked against operation.

4. The accused structure follows very closely the mechanical principles disclosed in U. S. Patent 1,120,538, issued to Richardson December 8, 1914, on a Door Lock of the rotating latch type, as well as some of the teachings of U. S. Patent 1,316,595, issued to Rehdorf September 23, 1919, mainly for an improvement of the latching member for this type of lock.

Defendants' structure has a rotating or swinging latch member, forked at the advancing end, which swings about its pivot across the closing face of the door into and out of latching engagement with a stationary striker bolt projecting from the door jamb. A cam face is provided in the forked.

slot of the rotating latch member. As the door is closed, this cam face engages with the striker on the door jamb, and movement of the cam face across the striker rotates the latch member about its pivot into latched position. Connected to the inside end of the pivot for the rotating latch member is a coil spring. As the rotating latch is pivoted into latched position upon engagement with the striker, this spring on the inside end of the latch member is compressed, and a latch pawl drops into a slot on a projection connecting the spring and the latch member, thus locking the latch member into latch position and locking the spring tension against release. The mechanism is provided internally with one release means, namely, a release lever attached to the latch pawl. By the application of pressure on this internal release lever, the latch pawl is forced out of engagement, releasing the spring tension, the force of which released energy, in turn, rotates the latch member from latched to unlatched position. Defendants' external operating members consist of a push member on one side of the door and a pull member on the other side, each of which is connected with the sole internal release lever. Of necessity, defendants' door-locking means operates in connection with the sole internal release lever.

5. There are many differences in elements, function and means of performance between defendants' structure and those disclosed and claimed by plaintiff. For example:

a) The main feature of plaintiff's structure is two independent operating means, so that the door can be locked from one side, while free to be operated from the other side without unlocking. Defendants' structure is not furnished internally with two independent operating means, having but one operating means, so that at any given time the door must be either locked against operation from both sides or it must be free to be operated from both sides without unlocking.

b) Plaintiff's latching member is a slidably mounted bolt which slides into and out of engagement with a keeper recess on the door jamb. Defendants' latching member is rotatably mounted to turn from unlatched to latched position, and vice versa, and itself engages with a stationary striker bolt in the door jamb.

c) Plaintiff's latch bolt is spring impelled into latching position by the release of the tension of a spiral spring. Defendants' latch member is positively rotated from unlatched to latched position against the unlatching pressure of its coil spring.

d) Plaintiff's latch bolt has an extended position, which is its latched position, and a retracted position, which is its unlatched or inoperative position. Defendants' latch member has neither an extended nor a retracted position.

e) Being spring impelled into latching position by the release of tension of the spiral spring, this spring is a necessary element to make plaintiff's structure operate. Defendants' latch member would be operative without any spring, and would be inoperative if spring pressed into latched position.

f) When plaintiff's door is open, his latch bolt is in extended or latched position. In normal operation, defendants' latch member is, and must be, in unlatched position when the door is open.

g) Plaintiff's latch bolt can be, and must be, moved to retracted, or unlatched, position before any opening movement of the door can commence. Defendants' structure makes impossible any movement of the latch member out of latched position when the door is fully closed. On the contrary, a substantial initial opening movement of the door must have a continuous functional relation to the rotation of the latch member from latched to unlatched position.

6. The accused structure omits at least one of the elements of plaintiff's combination. There is no identity of function of the various elements of the accused structure with those covered by plaintiff's claims in suit, nor is there any substantial identity of way or performing any of such functions. As was said in Singer Mfg. Co. v. Cramer, 192 U.S. 265, 24 S.Ct. 291, 299, 48 L.Ed. 437, at 448, "There is no substantial identity in the character of the two

devices, unless, by substantial identity, is meant every combination which produces the same effect."

7. The accused structure does not infringe the claims in suit.

### Conclusions of Law.

1. This court has jurisdiction of this action as one arising under the patent laws of the United States. 28 U.S.C.A. 41(7).

2. "A combination is an entirety. If one of its elements is omitted, the thing claimed disappears. Every part of the combination claimed is conclusively presumed to be material to the combination, and no evidence to the contrary is admissible in any case of alleged infringement. The patentee makes all the parts of a combination material, when he claims them in combination and not separately." Walker on Patents, Deller's Ed., Vol. 3, p. 1697, et seq.

3. "Omission of one element or ingredient of a combination covered by any claim of a patent, averts any charge of infringement based on that claim." Walker on Patents, Deller's Ed., Vol. 3, p. 1695, et seq.

4. When a patent is not a generic one, the patentee is entitled to but a narrow range of equivalents. Chicago Forging Co. v. Bade-Cummins Co., 6 Cir., 63 F.2d 928.

5. "There are two tests of equivalency; (1) identity of function, and (2) substantial identity of way of performing that function. Walker on Patents (6th Ed.) 511. Primary as well as secondary patents are infringed by no substitutions that do not fully respond to these tests. Even if identity of function were present; the patent not being a primary one, the requirement of substantial identity of way should not be considered so elastic as to condone important differences in manner of operation." Chicago Forging Co. v. Bade-Cummins Co., supra, 63 F.2d at page 931.

6. Where, as here, it appears in a patent infringement suit that the accused structure follows the teachings of prior art rather than the teachings of plaintiff's patents, that plaintiff's patents are secondary patents covering alleged combinations and the accused structure omits one of the elements claimed in plaintiff's patents, that there is no equivalency because of lack of identity of function and lack of substantial identity of way of performing the functions of the various elements of an accused device, plaintiff has failed to prove infringement.

7. It therefore follows that judgment should be entered dismissing the complaint on the merits for failure of proof of infringement, and such a judgment is being entered simultaneously herewith.