## FIELD BODY CORPORATION v. HIGHLAND BODY MFG. CO. *

(Circuit Court of Appeals, Sixth Circuit. July 8, 1926.)

No. 4542.

**1. Patents ⬅326(2).**

Question in proceedings for contempt for violation of injunction against infringement of patent is not as to original interpretation of claims, but whether alleged infringing modified structure is equivalent to original in its relation to patent in suit.

**2. Patents ⬅326(2).**

Injunction against infringement cannot be evaded by mere mechanical change, effecting same purpose as original infringing device.

**3. Patents ⬅328.**

Morrison patent, No. 1,451,626, for a hinged window in cab of truck, held infringed by modified structure.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Proceeding by the Highland Body Manufacturing Company against the Field Body Corporation for contempt for violating an injunction against infringement of patent. Judgment of contempt, and defendant appeals. Affirmed.

Fred L. Chappell, of Kalamazoo, Mich. (Chappell & Earl, of Kalamazoo, Mich., on the brief), for appellant.

Marsten Allen, of Cincinnati, Ohio (Allen & Allen, of Cincinnati, Ohio, on the brief), for appellee.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

*Rehearing denied October 7, 1926.

MOORMAN, Circuit Judge. This is an appeal from an order adjudging appellant in contempt of court for violating an injunction against infringement of patent No. 1,451,626, issued to James Morrison. No appeal was taken from the decree sustaining the patent and enjoining the manufacture or sale of the original infringing device, but a modified structure was produced under an allowed patent application. It is that device that is the occasion of this proceeding.

The question is one of fact. Appellant's first structure was a window, consisting of three glazed sections, hinged together and hung from an overhead support in the cab of a truck, filling the space, when extended, from the side panel of the cab to the windshield. In opening it, all sections could be moved back in a substantially straight line, until the rear section was behind the side panel, and by pulling the joint between the front and middle sections inwardly they could also be brought behind the panel. The modified device has an added member, a piece of metal plate hinged to the side panel of the cab and to the rear edge of the rear section, necessitating, in opening the window, the moving of the rear edge of the rear section through an arc enforced by the metal plate.

[1] The relation of the Morrison patent to other structures and the validity of certain of its claims are argued by counsel for appellant as though the adjudication of validity and infringement were under review. We are not concerned with the prior art, nor with an original interpretation of the claims of the patent. It suffices here that in an action between the parties the patent was held infringed by appellant's original structure. The question, then, is whether the modified structure is the equivalent of the original in its relation to the patent in suit. Appellant contends that it is materially different, in that the metal plate is a part of the window and can be used as a fourth section thereof, though in fact it has not been so utilized; and, further, that the basis of the Morrison patent is the sliding of the window as a unit on a straight line, whereas the modified structure does not move as a unit, and slides at one point on a slightly curved line.

[2] In respect to the first ground of attempted distinction, we agree with the lower court that the metal plate is not a part of the window, but is merely one method, well understood in mechanics, of making a hinge, or of serving in the new structure the purpose that was effected in the original by the engagement of the rear edge of the rear section with the overhead guide.

[3] As to the second, the claim phrase, referring to the three window sections as "sliding as a unit," is not to be defined, we think, so strictly as to exclude that construction where two sections clearly slide as a unit in a straight line, while the third (with no apparent purpose, except to avoid the patent) has one edge sliding co-operatively, while the other edge swings away from and back to the straight line. Nor does this breadth of construction so lead to invalidity that it must not be adopted. The purpose of the patent in suit was, by its initial sliding, to avoid that breaking and inward folding which is impracticable while the steering wheel and the driver are close against the cab window; and defendant's modified construction has, in its normal operation, substantially more of the desirable sliding, and less of the troublesome folding, than the old vestibule door of Robinson. In Robinson the front edge of the rear section and the rear edge of the next section, hinged thereto, swing out into the body for their full width; in defendant's, the rear edge only of the rear section swings out into the body for only half its width. Since defendant has departed from Robinson, to get much of the benefit taught by Morrison, the variant character of the two uses need not be considered.

The judgment is affirmed.