**GUARANTY TRUST CO. OF NEW YORK et al. v. UNION SOLVENTS CORPORATION.**

No. 802.

District Court, D. Delaware.

May 23, 1933.

selling, or causing to be sold, or otherwise disposing of, products produced by it or them in infringement of said claims."

The Weizmann patent describes a fermentation process employing certain bacteria, including the fermentation of corn mash to produce butyl alcohol and other products. Butyl alcohol is now used largely in the manufacture of lacquers.

Defendant admits in the affidavits opposing the motion that, since the issuance of the injunction it has sold products like the products produced by it in infringement of the claims of the Weizmann patent. Defendant also admits that its present process is identical with the process held to infringe, except in the bacteria employed. Defendant asserts that its process is not and cannot be identical with the Weizmann process because defendant has obtained bacteria from a Paris laboratory isolated and stored there by Auguste Fernbach long before the issuance of the Weizmann patent and that it now uses bacteria styled PTB derived from the Fernbach bacteria.

Before considering whether the foreign origin of defendant's bacteria is of any consequence it may be well to determine whether defendant's present bacteria, styled PTB are the same as the bacteria styled USC which were held to infringe the Weizmann patent. If the identity of PTB and USC can be established from the facts stated in defendant's affidavits, no further proof on that score is required. In the opinion filed in the patent infringement suit this court characterized Dr. Elizabeth McCoy as "the leading American authority on bacteria used in butyl alcohol-acetone fermentation processes." From an examination of the facts given in defendant's affidavits Dr. McCoy stated in her affidavit, filed in support of this motion, that "the so-called PTB bacteria are the same as the USC bacteria and like them are the 'herein described bacteria' of the Weizmann patent." This conclusion is fully supported by other affidavits.

Defendant contends that PTB are not the bacteria of the claims of the Weizmann patent because: (1) PTB came from the Fernbach laboratory in Paris. However, it does not matter where they came from if they possess the identifying characteristics specified in the Weizmann patent. (2) PTB had been hibernating from 1912 (a date before Weizmann's invention) until 1932. Yet if Fernbach had used his bacteria in France in 1912 in carrying out the process described in the Weizmann patent—and there is no

William G. Mahaffy, of Wilmington, Del., and Merrell E. Clark (of Fish, Richardson & Neave), of New York City, for plaintiffs.

George I. Haight and M. K. Hobbs, both of Chicago, Ill., Arthur Garfield Hays, of New York City, and Charles F. Curley, of Wilmington, Del., for defendant.

NIELDS, District Judge.

Plaintiffs filed this motion to punish defendant for contempt in violating an injunction of this court, effective March 10, 1933, issued in a patent suit heretofore tried. (D. C.) 54 F.(2d) 400, affirmed (C. C. A.) 61 F.(2d) 1041.

The injunction restrained the defendant, its employees et al. from "using or causing to be used the process described in United States Letters Patent No. 1,315,585 to Charles Weizmann, granted September 9, 1919, and claimed in claims 1 and 3 thereof, and from

suggestion that he did—it would be immaterial. Prior use in a foreign country could not affect the validity or scope of a United States patent. Hurlbut v. Schillinger, 130 U. S. 456, 471, 9 S. Ct. 584, 32 L. Ed. 1011. (3) That the Fernbach patent antedates the Weizmann patent. Again this is immaterial because defendant's affidavits fail to show any connection between PTB and the bacteria of the Fernbach patent. On the contrary defendant's affidavits established that PTB are the bacteria of the Weizmann patent.

Upon this motion the real issue is whether defendant's present process is within the scope of the claims of the Weizmann patent. Field Body Corp. v. Highland Body Mfg. Co. (C. C. A.) 13 F.(2d) 626. From the proofs submitted the court finds as a fact that defendant's present process is the same as the process held by this court to be an infringement. The defendant having violated the injunction is in contempt of court. For this contempt defendant should pay to the plaintiffs such sum of money as will compensate them for their damages and for the expenses which they have incurred in connection with this proceeding. To ascertain such sum the matter will be referred to a master.