## WADSWORTH ELECTRIC MFG. CO., Inc.,
## v. WESTINGHOUSE ELECTRIC & MFG. CO.
### No. 6524.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1934.

Walter F. Murray, of Cincinnati, Ohio (Frank L. Zugelter, of Cincinnati, Ohio, on the brief), for appellant.

T. J. Byrne, of New York City (Drury W. Cooper and Victor S. Beam, both of New York City, and Walter M. Shohl, of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The cause is for the third time before this court, and involves certain claims of Kries patent, No. 1,224,880, for a fuse and switch box. Under the style Westinghouse Electric & Manufacturing Company v. Wadsworth Electric Manufacturing Company, 36 F.(2d) 319, we held claims 1, 2, and 10 of the patent valid and infringed, and reversed the District Court's decree denying the plaintiff below an interlocutory injunction and accounting.

Thereafter we granted rehearing and took briefs solely upon one question in the case, and upon such rehearing our original conclusion was reaffirmed, 51 F.(2d) 447, and a mandate directed to be issued in accordance with the original opinion. Certiorari was denied, 284 U. S. 650, 52 S. Ct. 30, 76 L. Ed. 552. In compliance with our mandate the District Court entered a decree holding claims 1, 2, and 10 valid and infringed, and issued a writ of injunction restraining the defendant from making, using, or selling switch boxes embodying the inventions covered by the claims. Later the plaintiff moved in the District Court to punish the defendant for civil contempt in violating the writ of injunction. The issues thereon were decided against the defendant, it was held guilty of contempt, and an order entered enjoining further infringement, granting further accounting, and directing the defendant to pay to the plaintiff the sum of $1,500 for counsel fees and expenses. From that order this appeal is taken.

The contempt proceedings involve defendant's modified switches Nos. 1451 and 1843. While denying that these structures infringe the patent claims or violate the injunction, the defendant seeks also a reversal of our original holding of validity, first on the ground that our original construction of the Kries patent was erroneous under the rule later announced by the Supreme Court in Permutit Co. v. Graver, 284 U. S. 52, 52 S. Ct. 53, 76 L. Ed. 163, and, second, on the ground that we erred in the decision on rehearing as to the bearing of the facts in the Wadsworth-Kries interference upon the validity of the patent.

The justification for urging reconsideration of validity on the basis of the Permutit Case is said to arise from the following circumstances: After the Supreme Court had announced its opinion in Permutit v. Graver, supra, reversing our decision upon the validity of the Gans patent in Permutit Co. v. Wadham, 13 F.(2d) 454, the defendants sought leave of this court to petition the District Court for a rehearing because of errors of law in the opinion of this court shown by the decision of the Supreme Court after our mandate was issued. In the order denying the petition we said: "It appearing that the question upon which the appellee seeks a rehearing in the District Court is one that may be presented to the District Court on the final hearing of this cause, so far as it is necessary to preserve it for consideration by this court, and that it may be presented to this court on appeal from any final decree against the appellee in the District Court. * * *" It is therefore argued that, since the contempt order is a final decree, the question of validity in the light of the Permutit decision is now open to the defendant on its appeal therefrom. In seeking reconsideration of the bearing of the facts in the Wadsworth-Kries interference upon validity, however, no justification is made or even suggested.

The defendant's contention has the virtue of novelty, if none other. What the court had in mind in its reference to the final hearing was, of course, the hearing that finally disposed of the question of validity in the District Court, and the suggestion that that question might be presented on appeal from any final decree was necessarily with reference to such final decree as disposed of the case below. The question of validity being urged in the petition, the phrase "any final decree" was clearly not intended to apply to a decree which did not determine validity or was entered upon a collateral issue. For purposes of appeal the contempt order is, of course, final, and we so held in denying the plaintiff's petition to dismiss the appeal. Certainly it could not have been anticipated at the time the order was entered denying the petition for rehearing in the District Court, that the defendant would defy the injunction, and that an appeal would be taken from an order in the contempt proceedings resulting therefrom.

The question in proceedings for contempt for violation of an injunction against infringement is not one which relates to or involves the original interpretation of the claims of the patent. Field Body Corporation v. Highland Body Mfg. Co., 13 F.(2d) 626 (C. C. A. 6). It suffices that in an action between the parties the patent was held valid and infringed, and the question is only whether the modified structure is equivalent to the original in relation to the patent in suit. "The proceeding for its punishment (for contempt) 'is a new and distinct proceeding, and is quite independent of the equities of the case on which the decree is founded.'" Bullock Electric & Mfg. Co. v. Westinghouse Electric & Mfg. Co., 129 F. 105, 106 (C. C. A. 6). Were the rule otherwise, and were it permissible upon every proceeding in contempt to again challenge the validity of the claims, and to reopen issues already decided, such practice would be subversive, if not indeed wholly destructive, of the plenary power of the court to enforce its decrees, and to reopen questions of validity upon an appeal from a contempt order would be to invite all defeated litigants in patent infringement suits to defy injunc-

tional orders, and by such defiance to seek review of adjudicated issues not otherwise open to them. We think it clear that the only issue presented by this appeal is whether the defendant's modified structures infringe the patent claims, and whether their manufacture violates the writ of injunction, and upon that issue neither the court below nor this court need consider the prior art. Field Body Corporation v. Highland Body Manufacturing Company, supra.

█ While we thus limit the issue which in our opinion is properly presented by the present record, it may not be inappropriate to say, to the end that litigation may ultimately be terminated, that we have not interpreted the Permutit Case as marking departure from the general principle that resort may be had to drawings and specifications, not to expand or limit a claim, but to make it operative and to ascertain its true meaning. Chicago Forging & Manufacturing Co. v. Bade-Cummins Mfg. Co. (C. C. A.) 63 F. (2d) 928. It may also be added, to the same end, that the Patent Office history of the Kries patent was considered in the original opinion, supra, and that the Wadsworth-Kries interference was fully discussed in all of its bearings in the opinion upon rehearing, and that so far as we are now advised no additional facts or new rulings bear upon these issues.

█ The nature of the Kries invention, and the scope of the claims in suit, are sufficiently discussed in our former opinion, to which reference has been made. No useful purpose will be served by repeating what was there said, except to recall that the devices in question are characterized by a single box, which may be sealed against opening, and which is divided into two compartments with no effective access from one to the other; that the main line switch is in one compartment and the fuses in another, with the fuse compartment having a door or shutter permitting the fuses to be replaced from outside. Comparing defendants modified switch No. 1451 with the structures heretofore held to infringe, we find present therein a barrier preventing access to the live contact when the fuse compartment is open consisting of a metal box seating around the fuse, leaving it free and exposed, and at the same time effectively covering the remaining portion of the fuse and switch block. We find in switch No. 1843 an inaccessible switch compartment formed by the four walls of the porcelain block within which the fuse terminals are mounted, the opening to this compartment

being of like size, and the walls projecting to the door surface, whereby two mutually inaccessible compartments are formed. Each of these switch boxes has the interlock between the door and the switch. The only essential difference that we note between these modified switches and those held to infringe lies in the fact that a double lid is employed, i. e., the door is made in two parts. This is clearly a mere change of form; the new form serving the same function as the old. Such manufacturing advantages as are claimed to follow of course have no bearing upon the question of infringement. There being no limitation in the claims requiring a partition within and between the side walls of the casing, our conclusion follows that of the District Judge that the devices complained of are the equivalents of those outlawed by our prior decisions.

The order appealed from is affirmed.

The late Judge HICKENLOOPER participated in the conference decision upon this case, but died before the opinion was prepared.