## UNITED STATES RUBBER CO. v. GENERAL TIRE & RUBBER CO.

No. 5065.

District Court, N. D. Ohio, E. D.

Nov. 19, 1940.

M. B. & H. H. Johnson, of Cleveland, Ohio, Chapin & Neal, of Springfield, Mass., and F. O. Richey, of Cleveland, Ohio, for plaintiff.

Evans & McCoy, all of Cleveland, Ohio, for defendant.

JONES, District Judge.

This litigation is before the Master on accounting following a mandate from the Circuit Court of Appeals on that Court's judgment affirming the decree below. During the accounting the plaintiff filed a motion for supplemental injunction to cover defendant's so-called "third apparatus." The Master heard the motion for supplemental injunction and filed his report, in which he finds that the defendant's "third apparatus does not infringe and recommends that the motion for supplemental injunction be denied. Plaintiff has filed exceptions to the Master's report and the matter has been submitted on briefs, with request for oral argument filed by the plaintiff. Due to pressure of other litigation awaiting initial consideration, it will not be feasible to grant oral hearing on the motion for supplemental injunction.

Consideration has been given to the question involved, as presented by the Master's report and memorandum, the record and exhibits certified by the Master, and briefs of the parties. The Master thought that the "third apparatus" of the defendant infringed neither the method nor apparatus claims of Midgley; that while the defendant accomplished the result of Midgley patent, and perhaps because of Midgley's teachings, yet neither the combination of means, nor the method of accomplishment, were those of Midgley or their equivalents. It is the rule, of course, that slight changes by infringers, which retain the substance of the invention, ought not be allowed to escape injunctive process; but it is equally true that the inventor can claim no greater scope than the limitations earlier fastened upon his invention.

It was essential to the validity of the Midgley claims that they provide for adherence of rubber sheet and cords prior to passage between the bight of the calender rolls. This was an important element in the definite sequence of operation claimed. The plaintiff's method and means for accomplishing disclosed a definite sequence of operation with the distinguishing and novel feature of indirect feeding and adherence between rubber and cord before imbedding pressure of calender rolls. To extend the patent monopoly beyond the claims, as is sought here, would be to run afoul of earlier art and anticipation. Confining the Midgley claims within their bounds, I am unable to find that the defendant's "third apparatus" infringes.

Accordingly, the exceptions will be denied, report of the Master confirmed, and the motion for supplemental injunction denied.