**UNITED STATES RUBBER CO. v.
GENERAL TIRE & RUBBER CO.**

No. 8899.

Circuit Court of Appeals, Sixth Circuit.
May 7, 1942.

MARTIN, Circuit Judge.

This opinion should be read as supplementary to General Tire & Rubber Company v. Fisk Rubber Corporation, 6 Cir., 104 F.2d 740, where claims 1 to 10, inclusive, and claim 14 of Midgley Patent No. 1,742,777 were held valid and infringed.

Some four months after entry in the district court of an interlocutory decree and injunction pursuant to the mandate of this court, the United States Rubber Company, as successor in right, title and interest to the entire patent rights, assets, business and goodwill of the Fisk Rubber Corporation and as substituted plaintiff, moved for a supplemental injunction against the General Tire & Rubber Company to prevent the manufacture, sale and use of a machine termed in the record "defendant's third apparatus," and to enjoin the use of the method employed in that machine. There has been no previous issue presented concerning this so-called "third apparatus."

The motion for the supplemental injunction was referred to the same special master who had served as such throughout the litigation and whose previous findings had been upheld both here and in the district court. The special master found in the "third apparatus" no infringement of the Midgley patent claims and, accordingly, recommended denial of the motion. The district judge overruled exceptions to the special master's report, confirmed the report, and denied the motion for the supplemental injunction. The United States Rubber Company has appealed.

The "defendant's third apparatus" is a four-roll calender machine, in which three of the rolls are in vertical plane and one of the upper rolls is offset horizontally toward the side from which the sheet of cords advances in an almost horizontal plane and passes downward underneath the offset roll in contact with its under surface. Heat is imparted to the cords from the offset calender roll. After passing under this offset roll, the cords pass over a supporting bar, with a narrow upper edge, then under a spacer bar which has numerous grooves spaced closely to maintain the cords in alignment at correct distances. The cords next slide under a finely tapered, smooth polished steel shoe, or plate. This steel shoe extends close to the bight between the upper and middle vertically placed rolls, and guides the

F. O. Richey, of Cleveland, Ohio (C. T. Neal, of Springfield, Mass., Richey & Watts, of Cleveland, Ohio, and Chapin & Neal, of Springfield, Mass., on the brief), for appellant.

Albert L. Ely, of Cleveland, Ohio (Wm. C. McCoy, Frank S. Greene, and Evans & McCoy, all of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

cords until they meet two sheets of rubber; one of which from a bank comes between the two lower vertical rolls, passes up over the middle roll, contacts the cords, which then lie on top of the sheet, and the other of which from another bank comes between the offset roll and the upper vertical roll, passes down around the under side of the latter and against the upper side of the sheet of cords. The cords contact the two sheets of rubber simultaneously, and the united cords and sheets then pass with the middle calender roll around almost one-fourth of the circumference of that roll until the composite sheet passes through the bight of the middle roll and an adjacent small pressure and take-off roll.

In its passage between the upper and middle vertical rolls, the cord is laid upon the rubber sheet carried by the middle roll and, at heavy pressure to form the fabric sheet, is pressed down against the rubber sheet by the top roll, carrying the other rubber sheet. The fabric then proceeds, as described, to the point where it receives added pressure from a smaller roll, which serves also as a take-off roll.

Appellant's expert witness likened the "defendant's third apparatus" to the machine of the Midgley Patent No. 1,172,777, and to the appellee's infringing machine, in that each takes a sheet of hot cords, feeds the cords in spaced and parallel relation to a sheet of rubber on one of the rolls of a calender; applies pressure between the cords and the sheet of rubber by means of a roll which, in function, is alike in each machine; applies tension to the cords in similar manner; feeds a second sheet of rubber to the cords lying on the sheet of the rubber which is supported by one of the rolls; and applies final pressure by two calender rolls as the two sheets of rubber with the cords between them pass through the bight of the last mentioned rolls. The expert made the added point that, in each machine, there is a substantial arc between the two bights, over which the cords are stretched in contact with the sheet of rubber on which they rest.

Appellant contends that the infringing machine, the use of which has been enjoined, and the accused "third apparatus" are alike in that, in both, product and results are identical; that the speed of the two machines is the same; that there are two bights in each machine and an intervening arc of approximately ninety de-

grees; that rubber and cords pass through each bight and around the arc in each machine; that there is cord embedding and sheet reducing pressure in each bight; that there is pull on the outgoing end of the fabric in each machine; that the cords are embedded in the lower sheet over the arc in each; that sheets of rubber are formed between bights in similar manner in each machine; that, in each, a tension is maintained beyond the point of entry of the cords into the bight of the pressure rolls, aiding in the affixing of the cords in the rubber; and that pressure is placed upon the off-take roll in the "third apparatus" to cause reduction in the sheet and embedment of the cords in the fabric.

In rejoinder, the appellee insists that its "third apparatus" lacks the vital element of the Midgley Patent combination, which was present in its infringing first apparatus. It is pointed out that in the Midgley Patent the cord-placing roller is in contact with the sheet of rubber on the surface of the next-to-the-top calender roll; the cords are fed over the cord-placing roller and pressed and anchored into the rubber sheet, and thus anchored are carried by the sheet through the arc on the calender roll to the bight between it and the next-to-the-bottom calender roll, where a second sheet of rubber is met on the last mentioned roll and the calender bight pressure is applied. Upon comparison, it is shown that the same combination and arrangement of elements appear in the adjudicated infringing apparatus, but it is urged that the "third apparatus" reveals an entirely different organization of elements. It is admitted that the four calender rolls, each pair forming a sheet of rubber with the two sheets meeting at the bight between the top roll and the middle roll of the vertically placed calender rolls, are present in the "third apparatus."

But it is emphasized that the Midgley grooved roll 62, which presses the hot cords directly into the rubber sheet and holds them therein at the bight between roll B and roll 62, as depicted by Midgley, is conspicuous by its absence from the "third apparatus." As the appellee points out, there is in the "third apparatus" no preliminary application of the cords to the sheet of rubber on either of the two top vertically placed calender rolls before the cords enter the bight between them, nor is there an arc through which the underlying layer of rubber and layer of cords are car-

ried before entering the bight, affording no opportunity, therefore, for the cords to be anchored in one sheet of rubber or to embed themselves therein before encountering pressure at the calender bight. The argument runs that the designer of the "third apparatus" devised an entirely different method of holding the cords in position under heavy pressure at the calender bight, in that the mechanical guides provided by the "third apparatus" hold the cords so firmly and accurately that although both sheets of rubber are met simultaneously at the bight the cords "stay put"; while Midgley relied upon the anchoring effect of the cords in the first sheet of rubber and counteracted the disturbing effect of the calender pressure in the bight by using the one sheet of rubber as an anchorage or foundation for the bank of cords, so that the cords would be held therein and prevented by the rubber from floating around in the calender bight.

It is argued further that Midgley roll 62 and the small roll of the infringing apparatus each performed the office of leading the cords to the rubber sheet on the calender roll in advance of the bight, while in the "third apparatus" this step, essential to Midgley and to the adjudged infringing machine, is omitted entirely and the cords are led directly into the calender bight, arriving there simultaneously with the two sheets of rubber and being subjected to a heavy pressure which would disarrange the cords, unless held right up to the bight by the mechanical guides. It is stressed that, in the "third apparatus" there is no point such as is found in Midgley where there is a layer of rubber on a calender roll and a layer of cords on top of the rubber and exposed over an arc of the roll before meeting the second layer of rubber.

The special master, as did the district judge, found validity in this argument of the appellee. The master stated in his memorandum opinion that, in upholding the apparatus and method claims of the Midgley patent, he had considered that their validity rested upon the concept of causing the cords to meet and adhere firmly to one of the rubber sheets on the calender roll at some distance from the bight of the rolls, and that the means of Midgley were novel in the combination of elements accomplishing his result, particularly in view of his arrangement and positioning of the grooved pressure roll in its relation to the calender.

Applying the language of this court that Midgley's "manner of application of the heated cords to the hot rubber sheet is the key to invention, if any," the master found that the "third apparatus" has provided a method not inclusive of Midgley's novel step of causing the cords to be affixed upon one sheet of rubber at a point substantially in advance of the bight of the calender rolls between which pressure is applied to unite under high pressure the two rubber sheets and the cords into one fabric sheet; but that in the "third apparatus" the cords are fed directly between the two sheets of rubber, where they unite at the bight of the rolls and heavy pressure is applied to form the fabric sheet, which then proceeds upon the lower roll to a point where the fabric is met by a second pressure roll serving also as a take-off roll. Inasmuch as the "third apparatus" obtained its result without use of the Midgley novel method step and in view of the prior art teaching, the master was of opinion that the Midgley Patent should be closely confined to the apparatus described by the inventor. He found that all of Midgley's claims contemplated means of pressing the hot cords to the rubber sheet upon one of the rolls in advance of the bight of the rolls, and carrying the cords upon that sheet to the bight where another sheet of rubber is pressed upon the cord-carrying sheet to form the completed cord fabric product. The master stressed the difficulty which the art had encountered in the manufacture of weftless cord fabric for automobile tires, in placing the cords in the rubber so that they would "stay put," and concluded his report:

"The defendant seems to have gotten its result by maintaining a tension beyond the point of entry of the cords into the bight of the pressure rolls, while Midgley secured a like result by affixing them to one only of the sheets of plastic before the bight of the rolls is reached. The result is the same and it is probable that Midgley's teaching has prompted the defendant's effort. But as I see it, neither the combination of means nor the method are the same, and I must conclude that the defendant's 'third apparatus' does not infringe claim 10 of Midgley and that its use does not infringe any of the Midgley method claims. This finding and conclusion necessarily disposes of the plaintiff's motion for a supplemental injunction to restrain the defendant from the use of the 'third apparatus,' which motion is denied."

In confirming the report of the master and denying the motion for a supplemental injunction, the district judge said, 40 F. Supp. 247, 248:

"It was essential to the validity of the Midgley claims that they provide for adherence of rubber sheet and cords prior to passage between the bight of the calender rolls. This was an important element in the definite sequence of operation claimed. The plaintiff's method and means for accomplishing disclosed a definite sequence of operation with the distinguishing and novel feature of indirect feeding and adherence between rubber and cord before imbedding pressure of calender rolls. To extend the patent monopoly beyond the claims, as is sought here, would be to run afoul of earlier art and anticipation. Confining the Midgley claims within their bounds, I am unable to find that the defendant's 'third apparatus' infringes."

■ The issue of infringement is a question of fact and the concurrent findings of non-infringement by the court and the special master are not lightly to be rejected. Aluminum Company of America v. Thompson Products, Inc., 6 Cir., 122 F. 2d 796, 799.

■ The burden of proving infringement ordinarily rests upon the plaintiff in an action for patent infringement. Automotive Parts Co. v. Wisconsin Axle Co., 6 Cir., 81 F.2d 125, 127; Aluminum Company of America v. Thompson Products, Inc., supra. No reason appears for lightening this burden to be carried by the plaintiff-appellant in the instant case.

■ All matters adjudicated in our former opinion became, of course, the law of the case, which the district court was in duty bound to follow. Monroe Body Company v. Herzog, 6 Cir., 13 F.2d 705, 706; Bissell Carpet-Sweeper Company v. Goshen Sweeper Company, 6 Cir., 72 F. 545. It is manifest from the record that faithful adherence to the law of the case was earnestly attempted below.

■ Appellant complains that the master and the district judge committed fundamental error in comparing the "third apparatus" with the patent in suit rather than with the adjudicated infringing apparatus. It is true, as contended, that a proceeding for contempt for violation of an injunction against infringement does not involve an original interpretation of the claims of the patent. Wadsworth Electric Mfg. Co. v. Westinghouse Electric & Mfg. Co., 6 Cir., 71 F.2d 850, 851. But it is also true, as appears from the cited case, that in an action between the parties presenting a controversy over a *modified structure* the question "is only whether the modified structure is equivalent to the original in relation to the patent in suit." Wadsworth Electric Mfg. Co. v. Westinghouse, etc., Co., supra, 71 F.2d at page 851. See, also Field Body Corporation v. Highland Body Manufacturing Company, 6 Cir., 13 F.2d 626, 627.

■ In an action in the Eighth Circuit concerning the infringement by a modified structure of a patent previously adjudged valid and infringed, the former decree was held conclusive as to the validity of the patent; but, inasmuch as the defendant's modified structure had not been in issue or considered in the earlier case, the question presented in the later controversy was deemed to be whether, in the light of the former decision, the modified structure also infringed. T. L. Smith Company v. Cement Tile Machinery Company, 257 F. 423, 424. Moreover, in Mills Novelty Company v. Monarch Tool & Manufacturing Company, 6 Cir., 76 F.2d 653, 654, we expressed the thought that " * * * decision on infringement may readily be reached upon a consideration of all of the factors contributing to solution." In comparing, for the purpose of adjudication upon the issue of infringement, the defendant's "third apparatus" with the apparatus and method claims of Midgley, which had already been held valid, the master pursued the authoritatively established, appropriate course.

■ Appellant correctly asserts that even where the invention must be restricted in view of the prior art to the form shown and described by the patentee without extension to embrace a new form constituting a substantial departure, there *is* infringement where the departure is merely colorable. E. H. Bardes Range & Foundry Company v. American Engineering Company, 6 Cir., 109 F.2d 696, 698; Duff v. Sterling Pump Company, 107 U.S. 636, 639, 2 S.Ct. 487, 27 L.Ed. 517; Sanitary Refrigerator Company v. Winters, 280 U.S. 30, 41, 50 S.Ct. 9, 74 L.Ed. 147. Furthermore, except where form is of the essence of the invention, one device is an infringement of another "if it performs

substantially the same function in substantially the same way to obtain the same result." Union Paper Bag Machine Company v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 935. It is also well settled that, although some change in form and position is apparent, a close copy which uses the substance of an invention, employs the same device, performing the same offices with no change in principle, constitutes infringement of the invention. Ives v. Hamilton, 92 U.S. 426, 430, 23 L.Ed. 494; E. H. Bardes Range & Foundry Company v. American Engineering Company, supra. Infringement is not avoided by change in degree, so long as the distinguishing function is retained, or by adding elements to the complete structure of the patent claim. Murray v. Detroit Wire Spring Company, 6 Cir., 206 F. 465, 468. Inasmuch as specifications and claims are addressed to persons skilled in the art, the claims of a patent should be construed liberally to uphold and not to destroy the rights of the inventor. National Battery Company v. Richardson Company, 6 Cir., 63 F.2d 289, 293.

In Walker on Patents (Deller's Edition), Vol. 3, Sec. 482, pages 1728, 1729, the author says:

"A combination of old elements which accomplishes a new and beneficial result, or attains an old result in a more facile, economical or efficient way, may be protected by a patent as securely as a new machine or composition of matter. * * * And the doctrine of mechanical equivalents is governed by the same rules and has the same application when the infringement of a patent for a combination is in question as when the issue is over the infringement of a patent for any other invention."

In determining the issue of infringement, a court should consider whether the elements of the defendant's device are merely mechanical equivalents of the elements enumerated in the plaintiff's claim. If elements of the claim are omitted from an accused device, and the mode and manner of operation of the latter are substantially different from the patentee's apparatus, the accused device will be held not to infringe. Directoplate Corporation v. Donaldson Lithographing Company, 6 Cir., 51 F.2d 199, 201, 202.

Infringement of a combination patent is not proved unless it appears that the alleged infringer used the entire combination. Wood v. Peerless Motor Car Corporation, 6 Cir., 75 F.2d 554, 556; Cimiotti Unhairing Company v. American Fur Refining Company, 198 U.S. 399, 410, 25 S.Ct. 697, 49 L.Ed. 1100; Dunbar v. Myers, 94 U.S. 187, 202, 24 L.Ed. 34; Cf. Philadelphia Rubber Works Company v. Portage Rubber Company, 6 Cir., 241 F. 108, 110. A claim is not infringed, if one of its elements is omitted without the substitution of an equivalent. Russell Grader Manufacturing Company v. F. B. Zeig Manufacturing Company, 6 Cir., 259 F. 575, 577.

It is a truism that an apparatus, disclosing invention and not anticipated, may be infringed by one machine and not infringed by another. See Grever v. United States Hoffman Company, 6 Cir., 202 F. 923, which, upon its facts, is somewhat analogous to the case at bar. Cf. Vanmanen v. Leonard, 6 Cir., 248 F. 939.

Infringement of a process claim is not established merely by showing that the defendant has accomplished the same result, if he has followed substantially different procedure. The test is whether he has, in all substantial aspects, followed the method claimed. Vacuum Oil Company v. Grabler Manufacturing Company, 6 Cir., 62 F.2d 54, 55, 56.

In our view, first the master and subsequently the district judge correctly applied the principles of patent law which have been discussed. Moreover, the law of the case as established by our former opinion [General Tire & Rubber Co. v. Fisk Rubber Corp., 6 Cir., 104 F.2d 740] was, in our judgment, correctly applied.

We are in accord with the reasoning and conclusions of the master, approved by the district court, that the method used and revealed in the accused "third apparatus" does not include the key to Midgley's invention, consisting in his novel step of affixing hot cords upon a sheet of rubber at a point well in advance of the bight of the two calender rolls, between which high pressure is applied to unite the cords and the two rubber sheets into a single fabric sheet.

The decree and order of the district court is affirmed.