**Gene HIRS, Hydromation Engineering Company, a Michigan Corporation, and Moore Filtration Company, a Michigan Corporation, Plaintiffs-Appellants,**

v.

**DETROIT FILTER CORPORATION, Defendant-Appellee.**

**No. 19466.**

United States Court of Appeals, Sixth Circuit.

April 16, 1970.

H. P. Settle, Jr., Southfield, Mich., for plaintiffs-appellants; Settle, Batchelder & Oltman, Southfield, Mich., on brief.

Don K. Harness, Detroit, Mich., for defendant-appellee; Harness, Dickey & Pierce, Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This is the third suit between these parties. Appellants are the owner and licensees of United States Letters Patent Nos. 2,867,325 and 2,867,326, covering generally an industrial filter designed to filter dirty liquids. In the first action between these parties the District Court found that a filter manufactured and sold by appellee infringed the above patents. Pursuant to that finding, the District Court, on November 22, 1965, enjoined the appellee from:

> "[M]anufacturing, using and/or selling filter apparatus embodying the invention described in claim 11 of United States Patent No. 2,867,325 and claims 6 and 7 of United States Patent No. 2,867,326."

The second action arose shortly thereafter when appellee changed slightly the design of its filter and continued to manufacture and sell its filter as modified; upon application by appellants, appellee was found to be in contempt of the injunction. The parties then entered into a licensing agreement whereby appellee was permitted to continue to manufacture and sell its earlier enjoined filter, but in 1966 appellee again changed the

design of its filter, producing what it called a "new Series D" filter, and refused to pay any more royalties under the licensing agreement. Appellants thereupon brought this third action seeking to have appellee held in contempt for violation of the November 22, 1965 injunction. Following an evidentiary hearing the District Court held for the appellee.

The primary issue here is whether the District Court applied the correct legal standard to the evidence adduced at the contempt proceedings. Appellants contend that the only proper test of whether there has been contempt of a patent injunction is whether the presently accused device is the equivalent of the device originally found to have infringed the patent. Appellants rely in particular on the decision of this Court in Field Body Corp. v. Highland Body Mfg. Co., 13 F.2d 626 (6th Cir. 1926), wherein it was stated:

> "The relation of the Morrison patent to other structures and the validity of certain of its claims are argued by counsel for appellant as though the adjudication of validity and infringement were under review. We are not concerned with the prior art, nor with an original interpretation of the claims of the patent. It suffices here that in an action between the parties the patent was held infringed by appellant's original structure. The question, then, is whether the modified structure is the equivalent of the original in its relation to the patent in suit." 13 F.2d at 627.

In the present case the District Court, in holding for the appellee, stated:

> "[T]here is clearly no literal infringement of Plaintiff's claims, nor is there

equivalence between the two structures, accused and accusing, or in their operation."

Appellants contend that this language shows that the District Court applied an improper legal standard to the evidence in that it considered the question of infringement as well as the question of equivalence.

Under the circumstances of this case, however, we do not consider the approach taken by the District Court to have been improper, nor do we find appellants prejudiced thereby. Where the injunction prohibits further infringement of the invention embodied in specific claims of specific patents, one of the issues presented to the District Court in a contempt action is whether the presently accused device infringes the patent claims. As this Court stated in a case involving this type of injunction:

> "We think it clear that the only issue presented by this appeal is whether the defendant's modified structures infringed the patent claims, and whether their manufacture violates the writ of injunction * * *." Wadsworth Electric Mfg. Co. v. Westinghouse Electric & Mfg. Co., 71 F.2d 850, 852 (6th Cir. 1934).

This does not mean that this action was a *de novo* inquiry as to infringement, since the earlier determination of the validity of the patent and all the defenses to a charge of infringement which are related thereto are *res judicata* in the contempt proceedings. But the question of literal infringement of the patent claims is, as both parties recognized below,* relevant to the question of contempt of the injunction against further infringement. *See* Had-

* In his opening statement to the Court in the contempt proceedings below, counsel for appellants stated:

> "Now, we can, then, approach the essence of the Hirs invention—which really is what we are primarily interested in—in either one of these two ways. Is what Detroit Filter is now doing the equivalent in terms of structure and function of what Detroit Filter

earlier did and was enjoined from doing; or we can take the formalistic semantic approach of—do the words match, the words of the claims, match the structure as it is now constituted?

> "By either approach we contend that this new Detroit Filter mechanism falls within the terms and the scope of the Hirs patents." Transcript pp. 5–6.

co Products, Inc. v. Frank Dini Co., 401 F.2d 462, 464 (3rd Cir. 1968); Locklin v. Switzer Brothers, Inc., 348 F.2d 244, 246 (9th Cir. 1965); Textag Co. v. Hayslip, 192 F.2d 435, 437 (5th Cir. 1951).

The remaining subsidiary issues are whether certain findings made by the District Court involving various features of the parties' filters and the ultimate findings of lack of infringement because of lack of equivalencey between the patented device, the earlier enjoined filter and appellee's "new Series D" filter are clearly erroneous. Fed.R.Civ.P. 52(a). Upon review of the entire record we cannot say that they are. Accordingly,

The judgment of the District Court is affirmed.